IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THADDEUS FREEMAN<br>on behalf of himself and all others<br>similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 22-cv-591<br>) |
| MIDTOWN HOME IMPROVEMENTS, INC.<br>Serve at:<br>   Patrick Melson<br>   120 Resource Drive<br>   Wentzville, MO 63385 | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

**COMES NOW** the Plaintiff, Thaddeus Freeman, on behalf of himself and all others similarly situated, by and through counsel, and hereby sets forth this representative action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b), for violation of Missouri wage laws under RSMO 290.500, *et seq.*, and for Wage-Related Class Claims Pursuant to Fed. R. Civ. P. 23, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant Midtown Home Improvements, LLC, ("MIDTOWN" or "Defendant") for unpaid compensation due for regular hourly work, unpaid compensation due for overtime work, liquidated and/or other damages as permitted by applicable law, and attorney's fees, costs, and expenses incurred in this action.

2. Defendant's practices and policies are to willfully fail and refuse to properly pay compensation due Plaintiff, and all other similarly situated employees, who work or worked for Defendant.

3. Defendant's employees were required to perform work as Canvassers, including but not limited to walking neighborhoods handing out flyers and talking to residents in order to generate leads for sales staff, driving to and from work sites and/or the Defendant's principal place of business, and other

1

types of work for Defendant without being fully compensated for such time by Defendant. Defendant failed, and continues to fail, to compensate these employees for all time performing compensable work. Doing so denies such persons compensation for regular and overtime pay, and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA) and Missouri wage laws under RSMO 290.500, *et seq.*

4. Defendant's practices are in direct violation of the FLSA and Missouri wage laws and Plaintiff seeks compensation on behalf of himself and all others similarly situated for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

**PARTIES**

5. Plaintiff Thaddeus Freeman ("Plaintiff Freeman") is a resident of Lee's Summit, Jackson County, Missouri and was employed by Defendant as a Canvasser. Plaintiff was employed by the Defendant from approximately 2017 to June, 2022. Plaintiff Freeman's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit "A."

6. Plaintiff was employed by Defendant and was paid on an hourly basis.

7. At all relevant times, Plaintiff worked as an hourly employee. Plaintiff regularly worked in excess of 40 hours in a workweek.

8. Over the course of his employment Plaintiff was paid a base hourly rate of approximately $10.00 per hour. Later on, Plaintiff was paid a salary of $455 per week.

9. As part of his compensation structure, plaintiff non-discretionary bonuses, and other increases in his compensation structure.

9. However, those increases to his regular rate were not included when calculating overtime premiums. Instead, Defendant solely based overtime compensation on Plaintiff's base hourly rate.

10. This is unlawful under the FLSA and state wage and hour laws. See 29 C.F.R. §§ 778.200; 778.208.

2

11. Defendant has several bonus programs for their employees, including performance bonuses.

12. The Putative Plaintiff/Class Members are those employees nationwide who Defendant classified as nonexempt from overtime and who are subject to one or more of Defendant's bonus programs who received increases in their regular rate of pay from bonuses, and other means, and who were not paid overtime compensation at the proper rate of pay for all hours worked.

6. Defendant Midtown is a home improvement company with its principal place of business in the state of Missouri. Defendant employed Plaintiff, and others similarly situated, as a Canvasser in the states of Missouri and Kansas.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

8  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant conducts business, and has substantial business contacts in this district, and the causes of action set forth herein have arisen, in part, and occurred, in part, in Jackson County, Missouri, located in this District

7  At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

8  At all relevant times, Defendant has employed "employee[s]," including each of the putative representative action plaintiffs.

9  At all relevant times, Plaintiff and other putative plaintiffs were engaged in commerce and/or worked for Defendant, which was an enterprise engaged in commerce.

10  Upon information and belief, at all times relevant herein, Defendant has had annual gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

11  Alternatively, at all times relevant herein, Plaintiff, and other putative class members have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 206.

**12**     Plaintiff, and the putative class frequently traveled in interstate commerce to perform their job duties. Such travel was and is regular and recurring. For example, Plaintiff and others worked on projects for companies such as Dillons grocery stores in Kansas, Missouri, and Nebraska during the course of their employment.

## COLLECTIVE ACTION ALLEGATIONS

13     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14     Plaintiff brings Count I, the FLSA claim for Canvassers, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and of the following class of persons:

> All persons who were, or are, or will be employed by Defendant as Canvassers within three years from the commencement of this action who have not been paid overtime compensation, at one-and-one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

15     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

16     Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging Defendant's FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

17     To the extent required by law, notice will be provided to said individuals via first class mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

18     Plaintiffs bring the state law claims in Count II and III under state law (including individual state law subclasses) as an opt out class action, as defined below, pursuant to Fed. R. Civ. P. 23. Plaintiff, individually, and behalf of others similarly situated, seeks relief on a class basis challenging Defendant's practice of compensating Plaintiffs and others similarly situated. The Rule 23 subclasses are defined as:

> All persons who were, or are, or will be employed by Defendant as Canvassers within three years from the commencement of this action who have not been paid overtime compensation, at one-and-one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

19. There are common questions of fact and law as to the classes which predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

    a. Whether Plaintiffs and all similarly situated individuals are compensated for all preparatory, concluding, and other work-related activities;

    b. Whether Defendant's compensation policy and practice accounts for the time Plaintiffs and all similarly situated individuals are actually working;

    c. Whether Defendant willfully violated state and federal wage and hour law.

20. The questions set forth above predominate over any questions that affect individual persons, and a class action is superior with respect to consideration of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

21. The Class Representatives' claims are typical of those of the classes, in that class members have been employed in the same or similar positions as the named Class Representatives and were subject to the same or similar unlawful practices as the named Class Representatives.

22. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

23. Class Representatives are adequate representatives of the classes because they are members of the respective classes and their interests do not conflict with the interests of the other members of the classes they seek to represent. The interests of the members of the classes will be fairly and adequately protected by the Class Representatives and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action litigation.

24. Maintenance of these claims as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the classes

who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I – FLSA CLAIM

25. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

26. Plaintiff was formerly employed as a Canvasser by the Defendant and worked from its office location in Kansas City, Jackson County, Missouri.

27. Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours per week.

28. Plaintiff and others similarly situated were not properly compensated for this work at the applicable overtime premiums that are due and owing.

29. Defendant employs/employed other employees, like Plaintiff, who had similar job duties and pay. All such employees are hereby referred to as the "similarly situated" or the "putative representative action plaintiffs."

30. Said Canvassers (or employees with other titles) often worked and/or continue to work in excess of forty (40) hours per week. Said "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

31. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

32. All similarly situated employees are similarly situated in that they are all subject to Defendant's same compensation policies and plan that requires these employees to perform work in excess of 40 hours in a workweek without payment of wages at a rate of time and a half and/or whose bonuses and other pay was not included in their regular rate for calculating overtime pay. This policy and/or practice

6

denies similarly situated employees their overtime compensation.

33. Plaintiff brings this Petition as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendant as similarly situated employees within three years from the commencement of this action who have not been compensated for all hours worked, including overtime compensation at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week and/or whose bonuses and other pay was not included in their regular rate for calculating overtime pay.

34. This Petition is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Plaintiff because their claims are similar to the claims of the putative representative action Plaintiff.

35. The names and addresses of the putative representative action Plaintiffs are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

36. Defendant failed to compensate Plaintiff and the putative representative action Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

37. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

38. The Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose the putative representative action Plaintiffs, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other relief as the Court deems just and proper.

39. The Plaintiff, on behalf of himself and all similarly situated employees of Defendant who

compose putative representative action plaintiffs, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed putative representative action Plaintiffs, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative representative action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action Plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b. Designation of Plaintiff Freeman as Representative Plaintiff of the putative representative action plaintiffs;

c. An award of damages for unpaid wages and overtime compensation due to the Plaintiff and the putative representative action Plaintiffs, to be paid by Defendant;

d. An award of liquidated damages for overtime compensation due to the Plaintiff and the putative representative action to be paid by Defendant;

e. Pre-Judgment and Post-Judgment Interest as provided by law;

f. Plaintiff's Costs and expenses of this action incurred herein including expert fees;

g. Reasonable attorneys' fees; and

h. Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT II – FAILURE TO PAY EARNED WAGES AND OVERTIME
**(RSMO 290.500, *et seq*.)**

40. Plaintiff incorporates by reference the foregoing paragraphs of this Petition.

41. At all times material herein, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under Mo. Rev. Stat. § 290.500, *et seq*.

42. Mo. Rev. Stat. § 290.502 regulates the payment of minimum wages and Mo. Rev. Stat. § 290.505 regulates the payment of overtime compensation by Missouri employers.

43. Defendant is subject to the minimum wage requirements of Mo. Rev. Stat. § 290.502 and the overtime pay requirements of Mo. Rev. Stat. § 290.505 because it is an employer in the state of Missouri under Mo. Rev. Stat. § 290.500(4) and Plaintiff and other similarly situated employees of Defendant are employees under Mo. Rev. Stat. § 290.500(3).

44. Defendant violated Mo. Rev. Stat. §§ 290.502 and 290.505 by failing to properly pay employees for wages and overtime. In the course of perpetrating these unlawful practices, Defendant willfully failed to keep accurate records of all hours worked by employees as required by Mo. Rev. Stat. § 290.520.

45. Plaintiff and all similarly situated employees are victims of an unlawful and entity-wide compensation policy. Defendant continues to apply and enforce this policy and thereby continues to violate Mo. Rev. Stat. §§ 290.502 and 290.505.

46. Plaintiff and all similarly situated employees are entitled to damages equal to amount of unpaid wages for the unrecorded and unpaid time worked and for overtime premium pay within the two years preceding the filing of this Petition, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for the matter of whether their conduct was prohibited.

47. Defendant acted in bad faith and without reasonable grounds to believe its actions and omissions were compliant with Mo. Rev. Stat. §§ 290.502 and 290.505. As a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Mo. Rev. Stat. § 290.505.

48. As a result of these willful violations of the wage and overtime provisions under Mo. Rev. Stat. § 290.505, wages and overtime compensation have been unlawfully withheld by Defendant from Plaintiff and other similarly situated employees for which Defendant is liable pursuant to Mo. Rev. Stat. §§ 290.505; 290.527, together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

WHIMEFORE, Plaintiff and all similarly situated employees, demand judgment against Defendant, and prays for relief as follows:

    a.    Designation of this action as a class action under Mo. Rule 52.08 on behalf of the Missouri Class Members and issuance of notice to all Missouri Class Members, apprising them of the pendency of this action;

    b.    Designation of Plaintiff Freeman as Representative Plaintiff of the Missouri Class Members;

    c.    A declaration that Defendant is financially responsible for notifying all Missouri Class Members of its alleged wage and hour violations;

    d.    Designation of The Hodgson Law Firm, as the attorneys representing the Missouri Class;

    e.    A declaratory judgment that the practices complained of herein are unlawful under the Missouri wage laws;

    f.    An injunction against MIDTOWN and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with MIDTOWN, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    g.    An award of damages for wages and overtime compensation due for Plaintiff and Missouri Class Members, including double or penalty damages required under Missouri law, to be paid by MIDTOWN;

    h.    Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

    i.    Penalties for failing to timely pay wage and pre-judgment and post-judgment interest, as provided by Missouri law.

**COUNT III– UNJUST ENRICHMENT**

49.    Plaintiff realleges and incorporates by reference each and every averment of this Petition

as though fully set forth herein.

50. Defendant has been enriched through making deficient payments for work performed by Plaintiff and other similarly situated employees. Defendant was enriched at the expense of Plaintiff and other similarly situated employees because Plaintiff and others were not properly compensated for their work.

51. Defendant intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked and for time worked in excess of forty hours per week. Defendant knows or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendant.

52. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiff and other similarly situated employees.

**WHEREFORE**, Plaintiff and all similarly situated employees, demand judgment against Defendant, and prays for relief as follows;

    a. for an award of compensatory damages;

    b. pre-judgment and post-judgment interest as provided by law; and

    c. for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

Respectfully submitted,

**THE HODGSON LAW FIRM, LLC**
Michael Hodgson   MO # 63677
mike@thehodgsonlawfirm.com
3609 SW Pryor Road
Lee's Summit, MO 64082
(Tel) 816-600-0117
(Fax) 816-600-0137

**ATTORNEYS FOR PLAINTIFF**